**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISON**

| | | |
|---|---|---|
| ALERT STAMPING AND MFG. CO., INC., | ) | CASE NO. 1:24-cv-01011-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | REUBEN J. SHEPERD |
| | ) | |
| ACADIA INSURANCE COMPANY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

I.      **Introduction**

On July 31, 2024, the parties jointly requested the Court stay this case pending their obtaining an appraisal of the subject property. (ECF Doc. 6). On August 2, 2024, the Court granted the stay, and requested the parties file joint status reports informing it of any progress made in obtaining the appraisal. (Non-document entry of Aug. 2, 2024; *see also* ECF Docs. 8, 9, 11).

After receiving the parties' joint status report of January 3, 2025 (ECF Doc 11), the District Judge referred this matter to me, "to prepare a report and recommendation by February 14, 2025 addressing (1) any steps necessary to conclude the appraisal process, including a deadline for doing so; (2) whether to lift the stay, (3) identification of the issues remaining to be litigated, and (4) proposing a schedule for that discovery." (ECF Doc. 12).

1

I understood the District Judge's referral to request that I monitor the appraisal process and ensure its timely completion, so that he might lift the stay and continue advancing this case to resolution. To that end, I conducted weekly telephone status calls with the parties, their respective appraisers, and the neutral umpire. As a result of the parties' cooperation in those calls, the timeline for the appraisal process has been defined, and I make the following recommendations to the District Judge:

(1)     **Steps necessary to conclude the appraisal process:** The parties have indicated that they will be able to complete an inspection of the subject property on February 25 and 26, 2025. Present at the inspection will the parties' respective appraisers and the neutral umpire. Based on conversations with the appraisers and the umpire, the appraisal process should be fully completed no later than March 31, 2025.

(2)     **Whether to lift the stay:** In their request, the parties moved "for a stay of the lawsuit pending this appraisal to assist the Court to refine any factual issues and eliminate the damages issues, then returning the case for any issues of insurance coverage for litigation as needed." (ECF Doc. 6, p. 3). Given the parties estimate of March 31, 2025 for completion of the appraisal, I recommend the District Court lift the stay on April 1, 2025.

(3)     **Identification of issues remaining to be litigated:** At this time, the parties have not indicated any additional issues remaining to be litigated, aside from the inspection and appraisal itself. Nonetheless, I recommend the District Court extend the referral order to permit me to continue to monitor the appraisal and any issues that may arise as a result.

(4)     **Discovery schedule:** At this time, the parties have not indicated any pending discovery issues standing in the way of setting a case management conference and resulting order. Nonetheless, I recommend the District Court expand the referral to include pretrial

supervision. Should the District Court agree, I will hold a case management conference in April

2025 and set appropriate scheduling orders.

In addition to the above recommendations, I add the following comments. The parties

have been responsive during the telephone status conferences held in January and February, and

all involved have acted to advance the appraisal process accordingly. I appreciate the parties'

motivation to move toward resolution of this case, perhaps more quickly than they may have

initially anticipated. I therefore stand ready to accept any extension of this referral the District

Court deems fit.

Dated: February 10, 2025

Reuben J. Sheperd
United States Magistrate Judge